STATE OF NEBRASKA, APPELLEE, V. LARRY E. SMITH, APPELLANT.

211 N. W. 2d 922

Filed November 9, 1973. No. 38994.

T. Clement Gaughan and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant was jury convicted and sentenced to a consecutive term for escaping from the custody of the Nebraska Penal and Correctional Complex. He appeals, claiming the trial court was in error in not instructing on and submitting the issue of his insanity to the jury. We affirm the judgment and sentence of the District Court.

The defendant was an inmate of the Nebraska Penal and Correctional Complex on October 8, 1972, under a

sentence of 2 to 4 years for the commission of a felony. The defendant was assigned to a work detail at the Penal Complex, and the evidence is conclusive that he left the premises at the Penal Complex without permission or without a furlough and was picked up in Omaha 2 days after his escape, on October 10, 1972, and returned to the Penal Complex.

The defendant contends that the District Court was in error in not submitting the issue of his insanity to the jury and giving his requested instruction to that effect. The test of responsibility for crime is the defendant's capacity to understand the nature of the act alleged to be criminal and the ability to distinguish between right and wrong with respect to the act. State v. Jacobs, *ante* p. 4, 205 N. W. 2d 662. An examination of the record in this case reveals that there is absolutely no medical, psychiatric, or other evidence that would support or indicate the necessity of giving the defendant's requested instruction. The simple nature of the defendant's act constituting the offense speaks for itself. Giving maximum import to the defendant's testimony, it is to the effect that he was taking tranquilizers and drugs prior to the time he was incarcerated. He testified: "They calm me down to where I just recognize getting a little tired, and take a little will power, or whatever you want to call it, to where I have a little more time—oh, slow down, and have a little time to do a little more thinking before I do my act." The defendant himself testified that he was a "sane person of mind." And in response to several questions as to whether he considered himself "insane" he testified that he was not a medical doctor and that he could not answer that question "Yes" or "No." We belabor the contention no further. There is no evidence to sustain the giving of such an instruction. If there is no competent evidence tending to prove insanity no instruction as to the burden of proof as to insanity is required. Torske v. State, 123 Neb. 161, 242 N. W. 408.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.